IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tunzy A. Sanders, #255493, ) | |
| ) | C.A. No. 2:17-01819-HMH-MGB |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| ) | |
| Warden of Allendale Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Tunzy A. Sanders ("Sanders"), proceeding pro se, is a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In her Report and Recommendation, Magistrate Judge Baker recommends granting Sanders' motion to amend, granting Respondent's motion for summary judgment, dismissing Sanders' petition with prejudice on the basis that it is time-barred, and denying a certificate of appealability. In addition, Magistrate Judge Baker also addressed the merits of Sanders' petition and recommended dismissing the petition on the merits. For the reasons set forth below, the court grants the Respondent's motion for summary judgment, dismisses Sanders' § 2254

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

petition as time-barred, dismisses Sanders' motion to amend as moot, and denies a certificate of appealability.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case has a lengthy and complicated procedural history. The facts of this case are fully set forth in the Report and Recommendation and adopted herein, and the most pertinent facts are summarized below. Sanders is currently incarcerated at the Allendale Correctional Institution, a South Carolina Department of Corrections facility. In July 1998, Sanders was indicted in state court for murder, and in January 1999, Sanders was indicted in state court for attempted armed robbery and criminal conspiracy. (Ret. & Mem. Attach. 1 (App'x 809-14), ECF No. 17-5.) After a jury trial held from January 11-14, 1999, Sanders was convicted on all counts and sentenced to life imprisonment. (Id. Attach. 47 (Dismissal Order 1), ECF No. 17-52.) The Supreme Court of South Carolina reversed his convictions and remanded for a new trial because Sanders' Sixth Amendment right to counsel was violated when his sister, Brenda K. Sanders, an attorney from Michigan, was removed as counsel before trial. State v. Sanders, 534 S.E.2d 696, 697 (S.C. 2000).

On remand, Sanders elected to proceed with a bench trial, which was held from February 5-8, 2001. (Ret. & Mem. Attach. 1 (App'x 1), ECF No. 17-1.) Sanders was represented by his sister and Daniel W. Williams. (Id. Attach. 1 (App'x 1), ECF No. 17-1.) The state court found Sanders guilty on all charges and sentenced him to thirty-five years' imprisonment on the murder conviction, twenty-five years' imprisonment on the attempted armed robbery conviction, and five years' imprisonment on the criminal conspiracy conviction, all terms to run concurrently. (Id. Attach. 1 (App'x 427-35), ECF No. 17-2.)

On February 15, 2001, Sanders appealed his conviction. (Id. Attach. 4 (Not. of Appeal), ECF No. 17-8.) On October 20, 2003, the South Carolina Court of Appeals affirmed the trial court's decision. State v. Sanders, 588 S.E.2d 142 (S.C. Ct. App. 2003). On May 20, 2004, Sanders filed a petition for writ of certiorari with the Supreme Court of South Carolina, (Ret. & Mem. Attach. 10 (Pet. Writ Cert.), ECF No. 17-14), which was denied on May 18, 2005. (Id. Attach. 12 (Letter Order May 18, 2005), ECF No. 17-16.) On May 19, 2005, the South Carolina Court of Appeals issued a remittitur. (Id. Attach. 13 (Rem.), ECF No. 17-17.)

On May 11, 2006, Sanders filed his first application for post-conviction relief ("PCR"). (Id. Attach. 1 (App'x 480-509), ECF Nos. 17-2, 17-3, 17-4.) After an evidentiary hearing, the state court denied Sanders' PCR application and dismissed the petition on October 4, 2007. (Id. Attach. 17 (Dismissal Order Oct. 4, 2007), ECF No. 17-21.) Sanders did not appeal the dismissal of the first PCR action.

On June 16, 2009, Petitioner filed a second PCR application. (Ret. & Mem. Attach. 18 (Second PCR App.), ECF No. 17-22.) Eventually, on March 23, 2012, due to deficiencies in the transcript from the first PCR hearing, an inability to fully reconstruct the missing parts of the record, and issues regarding PCR counsel, the Supreme Court of South Carolina granted Sanders' petition for a de novo hearing on his first PCR application. (Id. Attach. 28 (Order Mar. 23, 2012), ECF No. 17-32.) On August 19, 2014, the state court denied Sanders' second PCR application and dismissed the petition. (Id. Attach. 1 (App'x 738-777), ECF 17-4, 17-5.)

On December 21, 2015, Sanders filed a petition for writ of certiorari appealing the second PCR court's decision. (Id. Attach. 37 (Pet. Writ Cert.), ECF No. 17-42.) While that petition was pending, Sanders filed a third PCR application on July 1, 2016. (Id. Attach. 45

3

(Third PCR App.), ECF 17-50.) The state filed a motion to dismiss, and the court granted the motion to dismiss. (Id. Attach. 47 (Order Nov. 30, 2016), ECF No. 17-52.) Sanders then filed a consent motion to vacate the order of dismissal because he was not served with the motion to dismiss. (Ret. & Mem. Attach. 49 (Con. Mot. Vacate), ECF No. 17-54.) To date, the state court has not ruled on this motion, and it remains pending.[2] On January 13, 2017, the Supreme Court of South Carolina denied the petition for writ of certiorari in the second PCR action. (Id. Attach. 42 (Order Jan. 13, 2017), ECF No. 17-47.) A remittitur was filed on February 2, 2017. (Id. Attach. 43 (Rem.), ECF No. 17-48.)

Sanders filed the instant § 2254 petition on July 16, 2017,[3] raising five (5) grounds for relief. (§ 2254 Pet., generally, ECF No. 1.) On October 13, 2017, Sanders filed a motion to amend his petition, but did not allege any further grounds for relief in that document. (Mot. Amend, ECF No. 15.) On October 17, 2017, Respondent filed a motion for summary judgment. (Mot. Summ. J., ECF No. 18.) After various other motions, Sanders responded in opposition on March 16, 2018, wherein he informally supplemented his petition for habeas corpus and raised twenty-seven (27) additional grounds for relief. (Resp. Opp'n Mot. Summ. J., ECF No. 51.) Sanders filed a supplement to his response in opposition on April 2, 2018. (Supp. Resp. Opp'n Mot. Summ. J., ECF No. 57.) On April 9, 2018, Respondent replied. (Reply, ECF No. 61.) Magistrate Judge Baker issued a Report and Recommendation on July 13, 2018, recommending granting Respondent's motion for summary judgment, granting Sanders' motion to amend,

---

[2] See Sanders v. State, No. 2016-CP-06-0291, available at http://publicindex.sccourts.org/barnwell/publicindex.

[3] Houston v. Lack, 487 U.S. 266 (1988).

4

dismissing Sanders' petition with prejudice, and denying a certificate of appealability. (R&R 67, ECF No. 62.) Sanders timely filed objections to the Report and Recommendation on August 17, 2018. (Objs., ECF No. 67.) This matter is now ripe for consideration.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

5

## B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. (quoting Williams, 529 U.S. at 410). "Thus, to grant [a petitioner's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

**C. Objections**

Sanders timely filed objections to the Report and Recommendation on July 10, 2017.[4] Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, Sanders has submitted numerous and voluminous objections. The court will first address the specific objections regarding the statute of limitations and related issues of equitable tolling and actual innocence.

**1. Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A), provides that the one-year time limitation for filing a § 2254 motion commences on "the latest of -- the date on which the judgment became final by the conclusion of *direct review* or the expiration of the time for seeking such review." The statute of limitations is tolled only during the pendency of a properly filed PCR action. See § 2244(d)(2). "[T]he AEDPA provides that upon conclusion of *direct review* of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are *pending* in any state court." Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).

---

[4] Houston v. Lack, 487 U.S. 266 (1988).

On May 19, 2005, the South Carolina Court of Appeals issued a remittitur on Sanders' direct appeal. (Ret. & Mem. Attach. 13 (Rem.), ECF No. 17-17.) Thus, Sanders' conviction became final 90 days later on August 17, 2005, the date on which the time for seeking direct review of Sanders' conviction concluded. See Sup. Ct. R. 13(1); Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). Sanders filed his first PCR application on May 11, 2006, at which point 267 days of non-tolled time had passed. (Ret. & Mem. Attach. 1 (App'x 480), ECF No. 17-2.) Because Sanders was afforded a de novo PCR hearing in the second PCR action, the entire period from May 11, 2006, the date the first PCR action was filed, through February 2, 2017, the date the remittitur in the second PCR was filed following the Supreme Court of South Carolina's denial of Sanders' petition for writ of certiorari is tolled. (Id. Attach. 1 (App'x 480), ECF No. 17-2; Id. Attach. 43 (Rem.), ECF No. 17-48.) Thus, the statute of limitations began running again on February 3, 2017, and expired 98 days later on May 12, 2017. Sanders filed the current § 2254 action on July 6, 2017. Thus, the instant § 2254 petition was untimely filed by approximately 55 days and is time-barred.

Sanders objects to the magistrate judge's recommendation that the current petition is time-barred. (Objs. 2-3, ECF No. 67.) Sanders' third PCR application was dismissed on four grounds: (1) Sanders' appeal of the dismissal of the second PCR was then pending before the Supreme Court of South Carolina, pursuant to South Carolina Rule of Civil Procedure Rule 12(b)(8); (2) the PCR application was filed outside the statute of limitations, pursuant to S.C. Code Ann. § 17-27-45(A); (3) the application was successive to Sanders' prior PCR actions; and (4) Sanders failed to make a prima facie showing that he was entitled to relief. (Ret. & Mem. Attach. 47 (Dismissal Order), ECF 17-52.)

8

AEDPA provides that only a "properly filed" PCR action tolls the statute of limitations. 28 U.S.C. § 2244(d)(2). "A state application is 'properly filed,' for purposes of calculating time under the AEDPA, if it complies with state procedural requirements such as timeliness and proper place of filing." Pettinato v. Eagleton, 466 F. Supp. 2d 641, 663 (D.S.C. 2006); see also Artuz v. Bennett, 531 U.S. 4, 8 (2000) ("[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe . . . the time limits upon its delivery[.]"); McSheffrey v. Angelone, No. 98-6519, 1999 WL 89403, at *2 (4th Cir. Feb. 23, 1999) (per curiam) (unpublished) ("A state application is properly filed if it complies with the state procedural requirements for successive collateral attacks on a conviction, such as timeliness and proper place of filing.").

In South Carolina, a PCR application "must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later." S.C. Code Ann. § 17-27-45(A). The Supreme Court of South Carolina has held that the statute of limitations shall apply to all applications filed after July 1, 1996. Peloquin v. State, 469 S.E.2d 606, 607 (S.C. 1996) (per curiam). Additionally, the Fourth Circuit has established that "defendants have a full and fair opportunity to present claims in *one* PCR application, thereby preventing an applicant from receiving more than 'one bite at the apple as it were.'" Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997), overruled on other grounds, United States v. Barnette, 644 F.3d 192 (4th Cir. 2011) (quoting Gamble v. State, 379 S.E.2d 118, 119 (S.C. 1989).

9

The Supreme Court of South Carolina issued the remittitur on Sanders' direct appeal on May 19, 2005. (Ret. & Mem. Attach. 13 (Rem.), ECF No. 17-17.) Thus, Sanders was required to file his PCR application by May 20, 2006. See S.C. Code Ann. § 17-27-45(A). Sanders filed his third PCR action on July 1, 2016, which was more than ten years after the statutory filing period had expired. Sanders' third PCR application and the pending consent motion in that action did not toll the statute of limitations to file a federal habeas corpus petition because the application was not properly filed within the meaning of AEDPA. See e.g., Pettinato, 466 F. Supp. 2d at 651, 663 (holding the petitioner's untimely filed second PCR action, in which a motion had been pending for six years at the time he filed his § 2254 petition, did not toll the statute of limitations for filing his § 2254 petition); see also S.C. Code Ann. § 17-27-45(A). Further, Sanders already had one full "bite at the apple" with his second PCR action. See Matthews, 105 F.3d at 916. Therefore, the court finds that Sanders filed the current § 2254 petition 55 days past the expiration of the statute of limitations, and this action is time-barred.

**2. Equitable Tolling**

Sanders specifically objects to the magistrate judge's recommendation that he is not entitled to equitable tolling of the statute of limitations. (Objs. 3, ECF No. 67.) When a § 2254 petition is untimely, the petitioner may be entitled to equitable tolling. "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). "Equitable tolling is appropriate when, but only when, extraordinary circumstances beyond the petitioner's control prevented him from complying with

the statutory time limit." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (internal quotation marks omitted). The AEDPA's statute of limitations is equitably tolled only "for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). However, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citation omitted). The petitioner bears the burden of showing that he is entitled to equitable tolling. Pace, 544 U.S. at 418.

Sanders has not shown that an extraordinary circumstance prevented him from timely filing the current § 2254 petition. Sanders submits that "[t]he failure of the [third] PCR court to rule on the Consent Motion to Vacate Order of Dismissal presents an extraordinary circumstance beyond the petitioner's control and therefore, timely filing of his habeas corpus petition has made impossible [sic]." (Objs. 3, ECF No. 67.) The magistrate judge's Report indicated that it was unlikely this argument would qualify Sanders for equitable tolling because the third PCR court's pending motion was not an extraordinary circumstance that prevented Sanders from timely filing it. (R&R 30, ECF No. 62.) The court agrees.

By way of example, in Pettinato, a district court equitably tolled the statute of limitations when a petitioner had diligently pursued his rights and the statute of limitations expired after the district court had dismissed petitioner's two previous timely filed § 2254 petitions without considering the fact that the petitioner's second PCR application was not properly filed. Pettinato, 466 F. Supp. 2d at 654. Unlike the situation in Pettinato, Sanders did not file a previous timely federal habeas corpus petition that he moved to hold in abeyance to further

11

pursue available state remedies. See id. Moreover, the court in Sanders' third PCR application explicitly found that it was untimely. (Ret. & Mem. Attach. 47 (Dismissal Order 8), ECF 17-52.) Further, the pending consent motion in the third PCR court does not change the analysis regarding the timeliness or outcome of Sanders' third PCR application. Therefore, Sanders has not demonstrated any "extraordinary circumstance beyond his control" that prevented him from timely filing his § 2254 petition. Based on the foregoing, his objection that the court should equitably toll the statute of limitations to permit him to proceed is without merit.

### 3. Actual Innocence

Sanders specifically objects to the magistrate judge's recommendation that he has not satisfied the standard for actual innocence. (Objs. 3, ECF No. 67.) "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). "[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). Claims of actual innocence are subject to a demanding standard. Wilson v. Greene, 155 F.3d 396, 405 (4th Cir. 1998). To be credible, Sanders' actual innocence claim must be supported by "new reliable evidence . . . that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). "A reviewing court must evaluate the new evidence alongside any other admissible evidence of the defendant's guilt, and may grant relief only where 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Wilson, 155 F.3d at 404-05 (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)) (internal citation omitted).

In his objections, Sanders argues that the magistrate judge "erroneously stated that there was [no] new evidence at the time of the Petitioner's retrial in 2000 [sic]," and attempts to rehash the evidence presented at trial. (Objs. 3, ECF No. 67.) Sanders submits that the "new evidence" supporting his innocence is set forth in State v. Buckmon, wherein the Supreme Court of South Carolina overturned Sanders' co-conspirator's conviction for murder. 555 S.E.2d 402 (S.C. 2001). Sanders objects that "[t]he Petitioner's retrial took place on February 8, 2000. The South Carolina Supreme Court's decision evaluating the evidence in this case as only amounting to a suspicion of guilt, was not released until November 13, 2001. Clearly, the Buckmon decision constituted new evidence for this Honorable Court to consider." (Objs. 3, ECF No. 67.)

Sanders is incorrect. First, the court notes that Sanders' bench trial was held from February 5, 2001, through February 8, 2001, and not in 2000 as Sanders states in his objections. (See Ret. & Mem. Attach. 1 (App'x 1), ECF No. 17-1.) Second, the Supreme Court of South Carolina's finding that the evidence presented to the trial court in Buckmon's trial regarding Buckmon's guilt "merely raise[d] a suspicion [Buckmon was] guilty," only assessed the sufficiency of the evidence offered at trial against Buckmon. Buckmon, 555 S.E.2d at 404. The Buckmon court did not address the sufficiency of the evidence offered at Sanders' trial, and Sanders has provided no authority to support the proposition that a decision in a related case constitutes "new evidence" in a claim of actual innocence. The evidence offered against Sanders in his individual bench trial included additional evidence that was not offered against Buckmon, including the testimony of two jailhouse informants, all of which the state court fully considered. (See Ret. & Mem. Attach. 1 (App'x 228-47), ECF Nos. 17-1, 17-2 (considering

testimony of jailhouse informants Aurelien Vigier and David Staley).) Therefore, although the Buckmon decision was not issued until after Sanders' conviction, Sanders has not offered sufficient new evidence to support his claim of actual innocence by clear and convincing evidence, and this objection is without merit.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts the portions of Magistrate Judge Baker's Report and Recommendation consistent with this opinion and incorporates them herein.[5]

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 18, is granted, and Sanders' § 2254 petition, docket number 1, is dismissed. It is further

**ORDERED** that Petitioner's motion to amend, docket number 15, is dismissed as moot. It is further

**ORDERED** that a certificate of appealability is denied because Sanders has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
August 28, 2018

---

[5] Having found that Sanders' petition is barred by the statute of limitations and granted Respondent's motion for summary judgment, the court declines to address Sanders' objections regarding the merits of this case.

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.